UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEI HEADQUARTERS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OMEGA RESEARCH AND ) <br> DEVELOPMENT, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 06CV1346-L(POR) <br><br> **ORDER GRANTING MOTION TO DISMISS [doc. #5] and DIRECTING CLOSURE OF CASE** |

Plaintiff DEI Headquarters, Inc.[1] ("DEI") alleges that Omega Research & Development, Inc. ("Omega R&D") and Kenneth Flick ("Flick")(collectively "defendants") brought an action in Florida against DEI for patent infringement which DEI contends breaches a 1999 Agreement that contained a covenant not to sue between Omega R&D, Flick and DEI.

Omega Patents, plaintiff in the Florida action, named DEI and Fortin Auto Radio, Inc. as defendants and brought a claim for patent infringement against DEI.[2] DEI answered the Complaint after its motion to dismiss was denied, contending that a license exists under the 1999 Agreement which would provide an affirmative defense to Omega Patents' claims of patent

---

[1] DEI Headquarters, Inc. was formerly known as Directed Electronics, Inc. and does business as Directed Electronics.

[2] The Florida action was filed in the United States District Court for the Middle District of Florida and is entitled *Omega Patents, LLC v. Fortin Auto Radio, Inc. and Directed Electronics, Inc.,* Civil Case No. 6:05-CV-1113-ORL-22-DAB.

1  infringement.  DEI also filed a counterclaim seeking a declaration that Omega Patents, Omega
2  R&D and Flick are the alter egos of one another.
3      Defendants move to dismiss the present breach of contract action contending that it is a
4  compulsory counterclaim in the Florida case.  Plaintiff DEI argues, however, that because
5  Omega R&D and Flick are not named opposing parties in the Florida litigation, this action
6  cannot be a compulsory counterclaim.

**Compulsory Counterclaim Standard**

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."  FED. R. CIV. P. 13(a); *see also Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League,* 652 F.2d 852, 854 (9th Cir.1981) ("The purpose of requiring a defendant to assert his claim as a counterclaim in a pending action is 'to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.'") (citing *Southern Construction Co. v. Pickard,* 371 U.S. 57, 60, 83 S. Ct. 108 (1962)).  In determining if the counterclaim is compulsory, the Ninth Circuit applies a "logical relationship test," where the court "analyze [s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir.1987) (*quoting Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978)).  Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action.  FED. R. CIV. P. 13(a)

**Discussion**

DEI argues that its breach of contract claim cannot be a compulsory counterclaim because the parties to the Florida action are different from the parties in the above-captioned case.  DEI does not dispute that the breach of contract claim filed here is logically related to the Florida action and it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.  Thus, in order for the breach of contract claim filed here to be a compulsory

counterclaim in the Florida action, the parties must be the same.  As noted above, DEI contends the parties are not the same because neither Omega R&D nor Flick are named parties in the Florida action and Omega Patents is not a signatory to the 1999 License Agreement.

Defendants contend, however, that the parties are sufficiently the same for a compulsory counterclaim in this instance because their rights have been implicated by the affirmative defenses and the counterclaims that have been raised by DEI.  In the Florida action, DEI counterclaimed alleging that Flick and Omega R&D are alter egos of Omega Patents and "should be held liable for any award DEI may obtain against Omega." (Def's Reply, Exh. A at 2).  DEI sought financial documents for Omega Patents and Omega R&D in order to show that Flick, Omega R&D and Omega Patents are alter egos of one another. *Id.*  DEI further set forth in court-filed documents that Flick is the sole owner of Omega Patents and the sole owner, and a director and officer of Omega R&D. *Id.* at 2-3.  Additionally, in response to a summary judgment motion filed in the Florida action, DEI asserted that "Flick, Omega Patents, and Omega R&D are all alter egos of each other such that all judgments, verdicts, and awards that are assessed against Omega Patents can be collected from Flick and Omega R&D." (Reply, Exh. C at 18).  Thus, although not named parties in the Florida litigation,[3] Omega R&D and Flick are being considered by DEI as "one and the same" as Omega Patents and a judgment against Omega R&D is anticipated by DEI.

Moreover, judicial economy factors in favor of finding that the parties are the same.  The Florida Court will be required to determine whether the 1999 Agreement applies to the Florida litigation.  If the Florida Court determines that 1999 Agreement does not apply, the filing of the Florida litigation could not have breached the 1999 Agreement and the present breach of contract claim in this Court would be moot.[4]

---

[3] Defendants point out that DEI filed a motion in the Florida action seeking to join Omega R&D and Flick to that litigation.  It is not known what the outcome of that motion was.

[4] The Court notes that a jury trial was completed in the Florida action and the jury found, *inter alia*, that DEI had neither an express or an implied license under the 1999 Agreement to make, have made, use or sell various products. *See* Notice filed February 20, 2007 [doc. #22].

**Conclusion**

Having fully considered the matter presented, the Court concludes that the breach of contract action raised here is a compulsory counterclaim that was required to have been filed in the Florida action. Accordingly, **IT IS ORDERED** granting defendants' motion to dismiss the complaint. **IT IS FURTHER ORDERED** directing the Clerk of the Court to close this action.

**IT IS SO ORDERED.**

DATED: March 6, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL